**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RON NEUMAN,**
        **Plaintiff,**

**-vs-**                              **Case No. 6:07-cv-1989-Orl-31GJK**

**TRAVEL HOLDINGS, INC., URI ARGOV,**
**WENDY FRIEDBERG, AMIR KALMAR,**
**ASI GINIO, OREN HADAR,**

        **Defendants.**

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Counts III through VII (Doc. 16) and Plaintiff's Response thereto (Doc. 27).

**I. Background**

Plaintiff Ron Neuman ("Neuman") began working for Defendant Travel Holdings, Inc. ("Travel") in 2004 as its President of Corporate and Affiliate Services. Doc. 1 at 3. In June 2006 Neuman was promoted to the position of Executive Vice President and Chief Marketing Officer. *Id*. The terms of Neuman's new position were set forth in an Employment Agreement ("the Agreement"), which became effective January 1, 2007 and was to remain in place until January 1, 2009. *Id*.

Neuman states that after his promotion, Uri Argov ("Argov"), Travel's President, Chief Executive Officer and a member of its Board of Directors, repeatedly assured him that he would be

provided an "equity stake in Travel".[1] Doc. 1 at 2, 5. Neuman states that on numerous occasions, after signing the Agreement, he was assured by one or more of the Defendants that he would be provided with documentation regarding his equity stake and that he should not be concerned about the delay in receiving those documents. Doc. 1 at 8.

On November 20, 2007, prior to receiving any documentation regarding his equity stake, Neuman received a letter informing him that he was being terminated "for cause". *Id*. The letter accused Neuman of various types of misconduct. *Id*. Neuman alleges that the accusations contained in that letter are false and that, despite his requests, Defendants have failed to provide documentation that would support any of them. Neuman brings this action alleging, *inter alia*, breach of contract, defamation and fraud.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual

---

[1]Plaintiff never explains what is meant by an "equity stake in Travel", however the Court assumes it is some type of ownership interest in the company.

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

The pleadings in this case are anything but artful. Plaintiff's Complaint sets out a confusing string of facts and then, under each of seven counts, lists the bare legal elements of the claim asserted. Thus, this Court is required to guess which facts pertain to which counts, and has done its best in that endeavor.

In the motion to dismiss, Defendants have, ineloquently, made numerous arguments against each of the five challenged counts. While several of these arguments may have merit, it

would be inefficient for this Court to attempt to parse through all of them at this time. Thus, this Court will not address any particular argument unless it is necessary to do so.

*A) Count III: Fraud*

In Count III it appears that Plaintiff is attempting to allege fraudulent inducement. Neuman argues, in his response to the motion to dismiss, that he signed the Agreement in reliance on a promise to receive equity. However, even if Neuman had effectively pled these facts in the Complaint, he still would not have stated a claim for fraud.

Neuman has attached a copy of the Agreement as Exhibit A to his Complaint. Doc. 1 at 17-25. The Agreement contains a merger clause, which states that:

> This Agreement constitutes the entire understanding between the Parties regarding the subject matters addressed herein and supersedes any prior oral or written agreements, promises, representations, warranties, or inducements between or by the Parties.

Doc. 1 at 23.

> In order to allege a viable cause of action for fraudulent inducement a plaintiff must allege that: (1) the defendant made a false statement regarding a material fact; (2) the defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth or falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment. See Fla. Std. Jury Instr. (Civ.) MI 8; *see also Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp.*, 850 So. 2d 536 (Fla. 5th DCA 2003).

*Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004).

In light of the merger clause quoted above, and the facts as pled by Plaintiff in the complaint, Plaintiff cannot show that he justifiably relied on any promises regarding compensation made prior to the signing of the agreement. Furthermore, the allegations in the Complaint indicate that the majority of representations occurred after Plaintiff signed the Agreement and, therefore,

could not have induced him to sign it. Finally, Neuman has completely failed to plead any damages that resulted from the alleged fraud.[2] Therefore, Count III will be dismissed.

*B) Count IV: Tortious Interference*

Count IV alleges that Argov and Friedberg intentionally interfered with advantageous business and contractual relations between Neuman and Travel.

> The elements of tortious interference with a business relationship are (1) the existence of a business relationship (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.

*Ethan Allen v. Georgetown Manor*, 647 So. 2d 812, 814 (Fla. 1994). Plaintiff has failed to plead any facts to support the third and fourth elements of this claim. Therefore, Count IV will be dismissed as well.

*C) Count V: Promissory Estoppel*

Count V alleges promissory estoppel against Travel, Argov, Kalmar, Ginio and Hadar.

> To state a cause of action for promissory estoppel, the plaintiff is required to allege three elements: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) a reasonable reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." *FCCI Ins. Co. v. Cayce's Excavation, Inc.*, 901 So. 2d 248, 251 (Fla. 2d DCA 2005).

---

[2]
> [A]ctual damages is an element of an action for fraud. *National Equipment Rental, Inc. v. Little Italy Restaurant & Delicatessen, Inc.*, 362 So. 2d 338, 339 (Fla. 4th DCA 1978). As such, this element must be pled using specific, ultimate facts. *Held*, 414 So. 2d at 632. Moreover, fraud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud. *Rolls v. Bliss & Nyitray, Inc.*, 408 So. 2d 229 (Fla. 3d DCA 1981); *Tampa Union Terminal Co. v. Richards*, 108 Fla. 516, 146 So. 591, 594 (Fla. 1933).

*Simon*, 883 So. 2d at 833.

*Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650 (Fla. 3rd DCA 2006).

Once again, Plaintiff fails to allege a detrimental change in position based on his reliance. Therefore, Count V will be dismissed as well.

### *D) Civil Conspiracy*

In Count VI Plaintiff alleges that "Argov, Kalmar, Ginio and Hadar acted together to deprive Neuman of the equity of Travel Holdings." Doc. 1 at 14.

> The essentials of a complaint for civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy. *Kent v. Kent*, 431 So. 2d 279, 281 (Fla. 5th DCA 1983). Such a tort is actionable "where a plaintiff can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual could not possess." *Buckner v. Lower Florida Keys Hosp. Dist.*, 403 So. 2d 1025, 1029 (Fla. 3d DCA 1981), rev. den., 412 So. 2d 463 (Fla. 1982). . . . An actionable conspiracy requires an actionable underlying tort or wrong. *Wright v. Yurko*, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984).

*Fla. Fern Growers Ass'n v. Concerned Citizens*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993). The facts pled by Plaintiff completely fail to allege any evidence of conspiracy between these parties. Plaintiff also fails to indicate the "underlying tort or wrong" that was the subject of the conspiracy. Therefore, Count VI will be dismissed.

### *E) Count VII: Unjust Enrichment*

The elements of unjust enrichment are: (1) a benefit conferred on Defendant, with his knowledge, by Plaintiff, (2) voluntary acceptance and retention of the benefit by Defendant, and (3) circumstances which make it inequitable for Defendant to retain that benefit. *See Nova Information Systems, Inc. v. Greenwich Insurance Co.,* 365 F.3d 996, 1006-07 (11th Cir. 2004).

Plaintiff fails to allege any benefit conferred by him on Defendants that it would be inequitable for them to retain. Therefore, Count VII will be dismissed.

## IV. Conclusion

For the reasons stated herein, it is

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. Counts III through VII are **DISMISSED** and Plaintiff shall have leave to file an amended complaint within 10 days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 22, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party